**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Elkino Dawkins, Sr,<br>Plaintiff,<br>v.<br>Department of Economic Security,<br>Defendant. | No. CV-26-00185-TUC-SHR<br>**ORDER** |

Before the Court is pro se Plaintiff Elkino Dawkins, Sr.'s First Amended Complaint (Doc. 7) and Application to Proceed In Forma Pauperis (IFP) (Doc. 8). The Court will deny the application (Doc. 8) without prejudice and direct Plaintiff to file a second amended complaint.

## I. IFP APPLICATION

A party who files an action in federal district court must generally pay a filing fee. 28 U.S.C. § 1914(a). Indigent plaintiffs, however, may apply for a fee waiver. 28 U.S.C. § 1915. A court must determine whether the litigant is unable to pay the filing fee before granting leave to proceed IFP. *See* § 1915(a)(1). The Court may grant IFP status if the supporting affidavit shows the party cannot, because of his poverty, pay or give security for fees and "still be able to provide himself and [his] dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).

Plaintiff's application states he cannot pay the costs associated with these proceedings because he is homeless. (Doc. 8 at 5.) Plaintiff also asserts he makes $1,000 a month from his employment, but the application does not list any current or former employers. (*Id.* at 1–3.) Plaintiff states he spends $0 in total monthly expenses. (*Id.* at 4–5.) Given these inconsistencies, some of the information in Plaintiff's application is necessarily inaccurate.

Further, Plaintiff has filed at least eight other actions in the District of Arizona, two of which he filed contemporaneously with the instant action.[1] Plaintiff has been granted IFP status in each prior action. Each time, Plaintiff has failed to state a claim and amend his complaints as the Court directed. Plaintiff's history of filing insufficient complaints and failing to follow Court orders to correct the deficiencies has been a drain on judicial resources. Given this history and the inconsistencies in Plaintiff's application, the Court declines to use its discretion to grant Plaintiff IFP status. The Court will give Plaintiff 30 days from the date of this Order to pay the $350.00 filing fee and the $55.00 administrative fee or file a renewed application addressing the inconsistencies discussed above. Failure to pay these fees or file a renewed application within 30 days will result in the dismissal of this case without further notice.

## II. STATUTORY SCREENING

The Court has a statutory obligation to screen a pro se IFP complaint before it may be served. § 1915(e)(2). The Court must dismiss such a complaint or a portion thereof if a plaintiff raises legally frivolous or malicious claims, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*; *see also Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc) (noting § 1915(e) "applies to all in forma pauperis complaints," not just those filed by prisoners).

---

[1] *Dawkins v. Jones*, 4:21-CV-287; *Dawkins v. H & R Block*, 4:21-CV-288; *Dawkins v. Fed. Bureau of Investigation*, 4:22-CV-456; *Dawkins v. Pima Community College*, 4:22-CV-457; *Dawkins v. Dep't of Econ. Sec.*, 4:22-CV-458; *Dawkins v. Ariz. Dep't of Econ. Sec.*, 4:24-CV-237; *Dawkins v. The Office of Personnel Management*, 4:26-CV-186; *Dawkins v. Capital One Fin. Corp.*, 4:26-CV-187.

Rule 8 requires every complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). While Rule 8 does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Dismissal for failure to state a claim under Rule 12(b)(6) is appropriate when a complaint lacks a cognizable legal theory or fails to allege facts sufficient to support its theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint setting forth a cognizable legal theory will survive a motion to dismiss if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). This rule does not apply to legal conclusions. *Ashcroft*, 556 U.S. at 678.

Because the Court will deny Plaintiff's IFP application, screening of his First Amended Complaint under 28 U.S.C. § 1915(e)(2) is premature. Nevertheless, in the interest of judicial efficiency, the Court has conducted a cursory review of Plaintiff's Complaint. Plaintiff names the Department of Economic Security as the only defendant in his First Amended Complaint but provides no factual allegations against it. He additionally

fails to provide the basis for the Court's jurisdiction over this matter or state the relief he is seeking. Plaintiff fails to clearly identify any claim or supporting allegations and, therefore, the Court is unable to determine whether Plaintiff has a legally viable claim. Plaintiff's First Amended Complaint simply fails to allege "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft*, 556 U.S. at 678 (citation and internal quotation marks omitted). Because the Court would dismiss the First Amended Complaint upon formal screening, the Court will direct Plaintiff to file an amended complaint that includes factual allegations to support his claims. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (stating the court will give a plaintiff the opportunity to cure the complaint's deficiencies by amendment unless it is "absolutely clear" the plaintiff could not do so).

For Plaintiff's reference, a second amended complaint supersedes the first amended complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the first amended complaint as nonexistent. *Ferdik*, 963 F.2d at 1262. As such, the second amended complaint must be retyped or rewritten in its entirety and may not incorporate any part of the first amended complaint by reference. Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint should explain Plaintiff's case in a short and plain manner, with each cause of action accompanied by facts to satisfy the elements of the claims brought. *See* Fed. R. Civ. P. 8. In the event Plaintiff fails to timely file a second amended complaint curing all deficiencies described above, Plaintiff is advised this case will be dismissed pursuant to 28 U.S.C. § 1915(e) or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8).

## III. CONCLUSION

**IT IS ORDERED** Plaintiff's Application to Proceed IFP (Doc. 8) is **DENIED**. Plaintiff must pay the $350.00 filing fee and the $55.00 administrative fee or file a renewed

application within 30 days of the date of this Order. If Plaintiff fails to either pay the fees or file a renewed application within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff and deny any pending unrelated motions as moot.

**IT IS FURTHER ORDERED** Plaintiff may file a second amended complaint addressing the above deficiencies within 30 days of the date of this Order. If Plaintiff fails to file a second amended complaint within 30 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action without prejudice and deny any pending unrelated motions as moot.

Dated this 12th day of August, 2026.

Honorable Scott H. Rash
United States District Judge